MATTER OF BUFALINO

IN DEPORTATION PROCEEDINGS

A-10607337

*Decided by Board June 5, 1967*

(1) Respondent, an applicant for discretionary relief, has the burden of establishing that he has been a person of good moral character and where his testimony is contradicted by evidence of record and the cumulative effect of his testimony—which is full of distortion, half-truths, self-contradictions, evasion, concealment and equivocation—is such as to cast serious doubt on its credibility, a finding that he gave "false testimony" and, thus, is not a person of good moral character is established.

(2) The burden of proof rests with respondent under section 241(a)(5) of the Immigration and Nationality Act to establish that his failure to comply with section 265 of the Act was reasonably excusable and was not willful, and on the basis of the same evidence of record and of respondent's testimony of doubtful credibility, a finding he has not borne his burden of proof and is deportable under section 241(a)(5) of the Act is fully established within the clear, convincing and unequivocal evidence rule enunciated in *Woodby* v. *I. & N.S.,* 385 U.S. 276.

(8) Despite the requisite familial ties, respondent, who was deportable under section 241(a)(5) of the Act at entry in 1956, is statutorily ineligible for relief from deportation under section 241(f) of the Act, as amended, because he was not "otherwise admissible" at entry [*I. & N.S.* v. *Errico*, 385 U.S. 214, inapplicable].

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

Act of 1952—Section 241(a)(5) [8 U.S.C. 1251(a)(5)]—Failed to furnish address and other information required by section 265 and has not established failure was reasonably excusable or was not willful.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—Not in possession of valid visa or other entry document.

ON BEHALF OF RESPONDENT:
Jack Wasserman, Esquire
Wasserman & Carliner
Warner Building
Washington, D.C. 20004
(Oral argument)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Oral argument)

The case comes forward on motion of counsel to reopen and reconsider the case in the light of the recent Supreme Court decisions including those of *Fleuti* v. *Rosenberg*, 374 U.S. 449; *Woodby* v. *Immigration and Naturalization Service*, 385 U.S. 276, and *Errico* v. *United States*, 358 U.S. 214.

The respondent through counsel submits that upon such reopening and reconsideration the proceedings herein should be terminated.

The case was last before us on September 30, 1965 on appeal from the order entered by the special inquiry officer dated March 17, 1965 denying the respondent's various applications for discretionary relief, ordering respondent deported on the charges contained in the order to show cause and on the lodged charge to Brazil, in the alternative, to Italy, and further ordering that the respondent's application for withholding of deportation to Italy under section 243(h) of the Immigration and Nationality Act be denied (Int. Dec. No. 1517).

In our order of September 30, 1965 we traced the history of the proceedings which led to a finding of deportability on all three grounds stated in the charges. A petition for review of the order of deportation and denial of the applications for discretionary relief was dismissed by the United States District Court for the Eastern District of Pennsylvania on April 8, 1959. This grant of summary judgment by the District Court was affirmed on April 1, 1960 by the United States Circuit Court of Appeals for the Third Circuit, *Bufalino* v. *Holland*, 277 F.2d 270, and certiorari was denied 364 U.S. 863. Judicial review was subsequently sought in the United States District Court for the District of Columbia and summary judgment was entered against the respondent on June 7, 1962. On appeal, the appellate court on June 6, 1963 reversed and directed that the case be returned to the District Court for trial upon the limited issue of the respondent's contention that there had been adverse prejudgment of his applications for discretionary relief by the Immigration and Naturalization Service. *Bufalino* v. *Kennedy*, 322 F.2d 1016 (D.C. Cir. 1963). Thereafter the case was remanded upon stipulation with the Service for further proceedings. We concluded that the statement of the special inquiry officer of lack of prejudice or prejudgment effectively met respondent's claim of prejudgment. The District Court for the District of Columbia ruled in favor of a hearing for respondent on the prejudgment issue. On appeal, it was held the case should be heard in the Third Circuit; the matter then rested until the present motion could be considered.

We agreed with the special inquiry officer that the deportability of the respondent was established as a matter of law. The special inquiry officer refused to permit an attack upon the validity of the deportation order based upon the ruling the Supreme Court in *Rosen-*

*burg* v. *Fleuti*, 374 U.S. 229. We observed that the *Fleuti* doctrine is inapplicable in the case of a lawful permanent resident, who, after a brief, casual visit abroad, reentered the United States upon a false claim of citizenship thereby avoiding inspection as an alien; in such a case "an entry" has been made within the meaning of section 101(a)(13) of the Immigration and Nationality Act upon which a ground of deportation might be predicated, citing *Matter of Kolk*, Int. Dec. No. 1443, which distinguished the case of *Zimmerman* v. *Lehmann*, 339 F.2d 947 (7th Cir., 1965), in which there existed a bona fide, although erroneous, assumption on the part of the alien that he was a derivative citizen through adoption at the time of his reentry from Canada. We also upheld the denial of the application for creation of a record of lawful entry pursuant to section 249 of the Immigration and Nationality Act, the denial of suspension of deportation, the application for status as a permanent resident under the provisions of section 245 of the Immigration and Nationality Act, as amended. On the question of good moral character, we set out the special inquiry officer's holding in the prior proceedings and were convinced that the respondent's testimony with respect to his business connections and income, knowingly and deliberately told less than the truth, and that his testimony was contradicted time and time again by the respondent's own testimony and other evidence of record. This finding was expressly approved by the Court of Appeals for the Third Circuit in *Bufalino* v. *Holland*, 277 F.2d 270 (3rd Cir., 1960), which held that the respondent's testimony regarding his employment for the past five years was inaccurate and lacking in the required honesty and frankness; instead of a direct answer to this simple inquiry, the sum total of the respondent's contradictory and confusing testimony elicited after lengthy cross-examination demonstrated that he had many other employment associations and income-producing connections concerning which his testimony was intentionally and purposely vague and uninformative. Having determined that the respondent testified falsely in the 1958 proceedings in order to avoid deportation, the court found that the respondent was not a person of good moral character as required by 8 U.S.C. 1101(f)(6), which provides that an alien who testifies falsely to procure benefits under the Immigration and Nationality Act, is estopped from demonstrating himself to be a person of good moral character. The special inquiry officer, in his order of March 17, 1965, found from the respondent's demeanor, as well as his confusing, contradictory testimony that the respondent was deliberately untruthful, and that the so-called "mistakes" were not innocent and that he had given false testimony in this cause. We found on appeal that the cumulative effect of the testimony, which was full of dis-

tortion, half truths, incomplete answers, misleading responses, evasion, concealment, suppression, equivocation and quibbling was such as to cast a serious doubt upon its credibility. We held that in a situation where the respondent is an applicant for discretionary relief, the Government is entitled to the truth and the burden is on the respondent to establish that he has been a person of good moral character for the required period; that it was not incumbent upon the Attorney General to establish that respondent was not a person of good moral character. Upon the record, and based upon the opinion of the special inquiry officer, the trier of the facts, regarding demeanor, lack of candor and probity, we were not disposed to find his evaluation of the testimony incorrect. We found the respondent ineligible for discretionary relief because he failed to establish good moral character for the past ten years and in addition, the respondent failed to establish the requisite ten years of continuous physical presence in the United States since his last deportable act. We also dismissed the appeal from the denial of the application for withholding of deportation to Italy pursuant to the provisions of section 243(h) of the Immigration and Nationality Act (8 U.S.C. 1253(h)).

In disposing of this motion, we do not propose to restate the previous findings by this Board, but we shall proceed to a consideration of the matters raised by the motion. The case of *Rosenberg* v. *Fleuti*, 374 U.S. 449, 10 Law Ed. 2d 1000, held that in view of the definition of "entry" in section 101(a)(13) of the Immigration and Nationality Act, an innocent, casual and brief excursion by a resident alien outside the borders of the United States may not have been "intended" as a departure disruptive of his resident alien status, and therefore may not have subjected him to the consequences of an "entry" to the United States. It is noted that the respondent, who was represented by counsel, conceded deportability on the first charge stated in the order to show cause, that he entered without inspection, and also conceded deportability upon the lodged charge of excludable at entry as one not in possession of a valid visa or other valid entry document. We considered the applicability of the *Fleuti* decision in our order dated September 30, 1965 and we noted that the special inquiry officer concluded that deportability of the respondent was established as a matter of law and that he refused to permit an attack upon the validity of the deportation order based upon the *Fleuti* holding. We observed that the *Fleuti* doctrine is inapplicable to the case of a lawful permanent resident, who, following a brief, casual visit abroad, reentered the United States upon a false claim of citizenship thereby avoiding inspection as an alien, citing *Matter of Kolk*, Int. Dec. No. 1443.[1] We do not propose to

---

[1] See also *Matter of Karl*, 10 I. & N. Dec. 480.

dwell at length upon this aspect of the case, inasmuch as the motion must be denied for more cogent reasons as set forth below.

Counsel relies upon the case of *Woodby* v. *Immigration and Naturalization Service*, 385 U.S. 276, 17 Law Ed. 2d 362. The Court in that case held that section 242(b)(4) providing that no deportation order shall be valid unless it is based upon reasonable, substantial and probative evidence is addressed to the reviewing court, and, insofar as it represents a yardstick for the administrative fact finder in deportation proceedings, went not to the burden of proof, but rather went to the quality and nature of the evidence upon which the deportation order must be based. The Court held that in deportation proceedings the Government must prove the facts supporting deportability by clear, unequivocal and convincing evidence.

The terms used by the Supreme Court in deportation cases do not set forth a magic formula but any other words which are used which comply with the burden of proof established by the Supreme Court are sufficient. After the Service had submitted evidence regarding birth in Italy which contradicted the initial claim of birth in the United States as well as a delayed birth record showing birth in the United States, alienage was conceded. The special inquiry officer in the 1958 proceedings was convinced that the respondent in respect to his business connections and income knowingly and deliberately told less than the truth and that his testimony was contradicted time and again by the respondent's own testimony and by evidence of record. This finding was expressly approved by the Court of Appeals for the Third Circuit in *Bufalino* v. *Holland*, 277 F. 2d 270. The special inquiry officer in the last reopened proceedings found from respondent's demeanor, as well as his confusing, contradictory testimony, that the respondent was deliberately untruthful, that the so-called "mistakes" were not innocent, and that he had given false testimony in this cause. As the trier of facts, the observations of the special inquiry officer regarding the respondent's demeanor, attitude and actions while testifying were material and relevant to the issue of credibility. The cumulative effect of the testimony, which is full of distortion, half truths, incomplete answers, misleading responses, evasion, concealment, suppression, equivocation and quibbling was such as to cast a serious doubt upon its credibility. In a situation where the respondent is an applicant for discretionary relief, the Government is entitled to the truth and the burden is on the respondent to establish that he has been a person of good moral character for the required period. It is not incumbent upon the Attorney General to establish that respondent was not a person of good moral character. We believe that this finding, which was affirmed by this Board in its

281

order dated September 30, 1965, meets the burden of proof of clear, convincing and unequivocal evidence upon which to base a ground of deportability as required by the Supreme Court in *Woodby* v. *Immigration and Naturalization Service*, 385 U.S. 276.

In addition, section 241(a)(5) states that an alien shall be deported who has failed to comply with the provisions of section 265 "unless he establishes to the satisfaction of the Attorney General that such failure was reasonably excusable or was not wilful * * *." The statute, section 241(a)(5), shifts the burden to the alien to show that the failure was reasonably excusable or was not wilful. The existence of the exculpatory circumstances must be established by the alien by credible evidence sufficiently persuasive to satisfy the Attorney General in the exercise of his reasonable judgment, considering the proof fairly and impartially.[2] The Service, the Board and the Court of Appeals for the Third Circuit in *Bufalino* v. *Holland*, 277 F. 2d 270, found that the respondent had not borne that burden and that his admitted failure to notify the Attorney General of his address or other information in compliance with 8 U.S.C. 1305 in 1956 and 1957 was not reasonably excusable, was wilful, and rendered him deportable under 8 U.S.C.A. 1251(a)(5). We consider deportability under section 241(a)(5) to be fully established even under the criteria set forth in *Woodby* v. *I. & N.S.*, *supra*.

Counsel relies upon the holding in *Immigration and Naturalization Service* v. *Errico*, 385 U.S. 214, 17 Law. Ed.2d 318 (1966). That case held that an alien who committed fraud or misrepresentation for the purpose of evading quota restrictions should not be denied relief under section 241(f) as an alien not "otherwise admissible at the time of entry." The court in this decision relied heavily for guidance upon section 7 of the 1957 Act which stayed deportation under similar circumstances for the spouse, parent or child of a United States citizen if he was "otherwise admissible at the time of entry." This contention of counsel was passed upon by the court in *Bufalino* v. *Holland*, 277 F.2d 270, 278–279, which held that the pertinent regulations, 8 CFR 242.7(a), conditions the exercise of discretion on the alien being "not otherwise subject to deportation." The court held, however, that the alien was otherwise deportable at the time of both entries in 1956 under 8 U.S.C. 1251(a)(5) because he had failed to give the required information to the Attorney General in January of 1956 in compliance with 8 U.S.C.A. 1305. The Court concluded that the alien was not "otherwise admissible" under 8 U.S.C.A. 1251 when he entered the country in 1956. His failure to demonstrate that he was "otherwise

[2] *Matter of B—*, 5 I. & N. Dec. 692.

admissible" resulted in his being ineligible as a matter of law for the exercise of the Attorney General's discretion because he had failed to meet the minimum statutory prerequisites. It is believed that *Errico* is not applicable because the respondent has been found to have been not "an alien otherwise admissible at the time of entry" despite the possession of the necessary familial ties.

In a supplemental motion counsel moved the Board to reopen the proceedings to ascertain the extent to which evidence herein and the fruits thereof were obtained by illegal wire tapping and by unauthorized interceptions of the telephones of respondent and his attorneys. This motion is predicated upon a suit brought in the United States District Court for the Eastern District Court of Michigan, Seventh District, Case No. 27095, by William E. Bufalino, a relative and legal adviser of the respondent herein, against the Michigan Bell Company and others, alleging that on divers occasions, the telephone of William E. Bufalino has been the subject of illegal interceptions. Counsel charged that the evidence thus secured or the fruits thereof were utilized in connection with the charges of deportability herein, the evaluation of his credibility and the denial of discretionary relief. Counsel alleges that the respondent's rights under the fourth, fifth and sixth amendment have been invaded.

At oral argument counsel conceded that he had no knowledge that the respondent's wires were tapped. The affidavit of William E. Bufalino merely presumes that the respondent's telephone calls in connection with the respondent's deportation case may well have been tapped.

During the course of the last reopened hearing, the trial attorney denied any knowledge of wire tapping or interception of phone calls to the respondent by the Immigration and Naturalization Service (Tr. p. RR370–380). The issue of wire tapping raised by counsel appears to be too conjectural, remote and speculative to afford a basis upon which to hold the deportation proceeding failing or lacking in due process.

It is considered that other matters raised by counsel during the course of oral argument are too extraneous to be answered. The motion to reopen will be denied.

ORDER: It is ordered that the motion to reopen be and the same is hereby denied.

321–654—69——20